UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 04-23223-CIV-COOKE/BANDSTRA

JOSE GUEVARA,

    *Plaintiff*,

v.

REPUBLICA DEL PERU, *et al.*,

    *Defendants*,

_____/

### ORDER DENYING LUIS ALFREDO PERCOVICH'S MOTION
### TO INTERVENE AND/OR STAY CASE

This matter is before me on Percovich's motion to intervene and/or stay case [D.E. 238]. For the reasons stated below, the motion to intervene and/or stay case is denied.

### *I. BACKGROUND*

Jose Guevara, commenced this action in Florida state court in December 2003 against Republica del Peru, Ministerio del Interior, Antonio Ketin Vidal, Fernando Rospigliosi and the Department of Justice (collectively "Defendants") to collect a $5,000,000 reward offered by Republica del Peru in exchange for information leading to the capture and arrest of Vladimiro Lenin Montesinos Torres. In December 2004, this action was removed to federal court. On September 9, 2008, this court granted Guevara's motion for partial summary judgment against Republica del Peru and Ministerio del Interior del Peru. [D.E. 230]. Before this action was commenced, Percovich initiated legal proceedings in Peru, claiming that he was due the reward. Percovich now moves to

intervene in and/or stay this case to protect his alleged interest in the reward,[1] arguing that but for his cooperation with the FBI, Montesinos would not have been captured.   [D.E. 238].

In his response, Guevara argues that Percovich's motion is untimely and that Percovich has no legally protectable interest in the case.  [D.E. 269].  Defendants, on the other hand, argue that although the matter should be litigated in Peru, where Percovich brought his claim, since the case is proceeding in this court, the intervention should be granted so that Guevara's and Percovich's claims can be litigated in one forum. [D.E. 272].

Percovich further argues in his reply that his motion was promptly filed after the procedural posture of the case changed by the entry of the partial summary judgment and that the information he provided was sufficient to entitle him to the award. [D.E. 294].

## II. LEGAL STANDARD

Rule 24 of the Federal Rules of Civil Procedure provides:

> On timely motion, a Court must permit anyone to intervene, who claims an interest related to the [...] transaction that is subject to the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

---

[1] Guevara filed a motion to strike on the grounds that Percovich, by not attaching a pleading to his motion, failed to comply with Rule 24(c) of the Federal Rules of Civil Procedure requiring that the motion be accompanied by a pleading, and violated Local Rule 7.1.A.3 by failing to conduct a pre-filing conference. [D.E.239]. Percovich filed his intervenor complaint five days after the filing of his motion to intervene. [D.E. 249]. The day after Percovich filed his motion, the parties conferred under Rule 7.1.A.3 regarding Guevara's motion to strike and Percovich's motion to intervene. [D.E. 241].

Timeliness is determined by the Court in the exercise of its sound discretion, and is to be determined from all the circumstances and not solely by reference to how far the suit has progressed. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977).[2]

In assessing timeliness, the Court must consider four factors:

> (1) The length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of the prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of the prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir. 1983); *Davis v. Butts*, 290 F.3d 1297, 1300 (11th Cir. 2002). "If a motion to intervene is untimely, intervention must be denied." *NAACP v. New York*, 413 U.S. 345, 365 (1973).

### III. DISCUSSION

**A.  Timeliness**

In determining timeliness, I will evaluate the four factors outlined above.

**1. The Length of Time During Which Percovich Knew or Reasonably Should Have Known of his Interest in the Case Before He Petitioned for Leave to Intervene**

Percovich alleges that he acted promptly after the issuance of the Court's order affecting his ability to collect the reward. Percovich cites *Stallworth*, 558 F.2d at 265, for the proposition that the time when the intervenor first learns about a particular lawsuit is irrelevant. (Mot. to Intervene 9, 10; Reply to Resp. to Mot. to Intervene 2, 5.) However, as pointed out in *Stallworth*, the rationale

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

behind that statement is to allow individuals to intervene when the importance of the suit to their interests becomes apparent, even though they failed to appreciate the significance of the case at an earlier stage of the proceeding. *Id*. The facts of the lawsuit before me are distinguishable. The possible impairment of Percovich's interest in the lawsuit was apparent from its inception. It was obvious from the beginning of the case that a judgment for Guevara would prevent Percovich from collecting his alleged share of the reward. Percovich's knowledge that his alleged right to the reward could have been affected by the lawsuit is sufficient to conclude that Percovich had knowledge of his interest in the case. *Jefferson County*, 720 F.2d at 1516 (holding that the would-be intervenors' mere knowledge that their rights could be affected in the proceeding was deemed enough to conclude that they knew of their interests in the case under the first factor). As Percovich did not object to Guevara's allegation that Percovich knew of the suit from its inception, I conclude that he has unnecessarily delayed his intervention by four years. (Resp. to Mot. to Intervene 5, 9; Reply to Resp. to Mot. to Intervene 2, 5.)

### 2. The Extent of the Prejudice to the Existing Parties as a Result of Percovich's Failure to Apply as Soon as He Knew or Reasonably Should Have Known of his Interest

The relevant prejudice to assess is the "prejudice which would result from the would-be intervenor's failure to make an intervention as soon as he knew or reasonably should have known of his interest." *Stallworth*, 558 F.2d at 265. Percovich's intervention, if granted, would require the vacating of the summary judgment order awarding Guevara the reward and the reopening of the discovery in a case that has already been pending for four years. This delay would unduly postpone the adjudication of the rights of the existing parties and thus prejudice Guevara as well as Defendants.

### 3. The Extent of the Prejudice to Percovich if his Motion is Denied

Should the intervention be denied, Percovich will only suffer prejudice if he has an enforceable interest in this litigation, which is an issue that will be addressed in the next section. Moreover, the would-be intervenor's prejudice shall be specifically assessed and balanced with the prejudice to other parties. *See Belton Indus. v. United States*, 6 F.3d 756, 762 (Fed. Cir. 1993). As noted above, if the intervention is granted, the prejudice to other parties is substantial. And this prejudice could have been easily avoided, had Percovich intervened earlier. Therefore, the other parties' prejudice outweighs Percovich's prejudice.

### 4. The Existence of Unusual Circumstances Militating Either For or Against a Determination that the Application is Timely

Percovich has not shown the existence of unusual circumstances. Percovich does not account for his delay to intervene but only for his diligence in pursuing his claim in the Peruvian courts. Percovich alleges that he "would still be pursuing his claim in Peru if it were not for the fact that Guevara has succeded in shifting the situs of the litigation over the reward to this Court." (Mot. to Intervene 11, 20.) However the "situs of the litigation" did not "shift" as a result of the motion for summary judgment granted by this court. The situs of the litigation in this court had already been established and Percovich chose to ignore it. Therefore, no unusual circumstances militate for a determination that the application is timely.

In light of the above conclusions with respect to the four factors, I find Percovich's motion to be untimely. Although untimeliness is per se sufficient to deny the motion, I also find that Percovich does not have a protectable interest in the case.

### B.  Percovich's Interest in the Transaction Subject to the Action

A would-be intervenor shall have a "direct, substantial, legally protectable interest in the proceeding." *Worlds v. Dept. of Health & Rehab. Servs.*, 929 F.2d 591, 594 (11th Cir. 1991). That interest needs not "be of a legal nature identical to that of the claims asserted in the main action" but yet must be "significantly protectable." *TIG Specialty Ins. Co. v. Fin. Web.com, Inc.* 298 F.R.D. 336, 338 (M.D. Fla. 2002). Percovich alleges he has such an interest because he actively assisted the authorities of the United States in apprehending Montesinos, thus entitling him to the reward offered by Peru.

I already concluded that the reward offer created a unilateral contract for which performance was the only necessary consideration. (Order Granting Pl.'s Mot. for Partial Summ. J. 6, 2.) Percovich would not have been able to perform under the terms of the reward offer because he did not know where Montesinos was located. Pursuant to the terms of the offer, the reward was to be given to whoever provided accurate information that would directly enable locating and capturing Montesinos, and not merely to whoever enabled Guevara's cooperation with the FBI. Percovich does not allege he had, or shared, any information regarding the location of Montesinos or information that would directly lead to his location and capture. Percovich himself acknowledges Guevara's arrest "led to Guevara's cooperation with the FBI" and "to his disclosure of Montesinos's whereabouts." (Mot. to Intervene 2, 7.) Percovich's actions might have put him in real danger and led to the arrest and cooperation of Guevara. His actions, however, did not enable the locating and capturing of Montesinos. Percovich has failed to establish that his assistance proximately caused Montesinos's capture. Therefore, Percovich did not perform under the unilateral contract set out in the reward offer. As a result, Percovich lacks a legally protectable interest.

Because I found that Percovich has no interest in the transaction subject to the action, I do not address the remaining factors set forth in rule 24 of the Federal Rules of Civil Procedure, i.e., the impairment of Percovich's ability to protect his right if the action is disposed of, and the absence of adequate representation of Percovich's interest by the parties.

### C.     Statute of Limitations

Percovich's action also appears to be time barred.  The existing parties and Percovich did not challenge the applicability of Florida law. Therefore, the applicable statute of limitations for asserting a claim for breach of a unilateral contract is five years from the date the claim accrues. Section 95.11(2), Fla. Stat; *City of Hollywood v. Petrosino*, 864 So. 2d 1175, 1176 (Fla. 4th DCA 2004).  The claim accrues when the last element necessary to constitute the cause of actions occurs. *City of Hollywood*, 864 So. 2d at 1177.  The reward was due within twenty-four hours after the actual location and capture of Montesinos pursuant to Article 7 of the Decree.  Because the reward would have been due in June 2001, which is more than five years ago, Percovich's claim is time barred.

### D.     Non-Compliance of Percovich's Motion with Procedural Rules

With regard to Percovich's non compliance with Rule 24(c) of the Federal Rules of Civil Procedure, considering that Percovich's pleading was filed only five days after the filing of his motion, I have excused this technical defect and have considered the motion on its merits. *Piambino v. Bailey*, 757 F.2d 1112, 1121 (11th Cir. 1985).  With respect to Percovich's counsel's failure to confer under Local Rule 7.1.A.3., district courts have broad discretion to disregard Local Rules if, among other reasons, by doing so "would be the course of action most consistent with judicial economy." *Matia v. Carpet Transport, Inc.*, 888 F.2d 118, 119 (11th Cir. 1989).

Therefore, I will also excuse this defect, due to the unlikelihood of the parties reaching an agreement on the motion to intervene. Furthermore, Percovich filed his Rule 7.1.A.3 certification the day after the motion was filed.

### IV. CONCLUSION

For the reasons set forth above, Percovich's motion to intervene and/or stay case [D.E. 238] is denied.

**DONE AND ORDERED** in Miami, Florida, this 1st day of December 2008.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

cc:

*Honorable Ted E. Bandstra*

*All counsel of record*